IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ANGELA PARISH and JAMES PARISH<br>　　　　　　　　　Plaintiffs, | §<br>§<br>§ |
| VS. | § CIVIL ACTION NO. _____ |
| | § |
| COBRA ENTERPRISES OF UTAH, INC.,<br>　　　　　　　　　Defendant. | §<br>§<br>§ |

## ORIGINAL COMPLAINT

Complainants, ANGELA PARISH and JAMES PARISH, by and through undersigned counsel, bring this cause of action against Defendant, COBRA ENTERPRISES OF UTAH, INC. ("Cobra" or "Defendant"), and allege as follows:

### INTRODUCTION

1.　This is an action for a severe and catastrophic personal injury suffered by Complainant, ANGELA PARISH. On June 16, 2016, a Cobra Derringer pistol fired without anyone touching the trigger and shot Ms. Parish through the leg causing her permanent and severe injuries.

### JURISDICTION AND VENUE

2.　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (b) there is complete diversity of citizenship among the parties. Louisiana's long-arm statute confers personal jurisdiction over the Defendant, and Louisiana's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.

3.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.   Complainants are natural persons domiciled in Jonesville, Louisiana.

5.   Defendant is a corporate entity incorporated in Utah with its principal place of business located outside the State of Louisiana. At all times relevant hereto, Defendant engaged in the distribution and sale of firearms products in the State of Louisiana. At all times material hereto, Defendant did business in the State of Louisiana within the meaning of the Louisiana Long Arm Statute, La. Rev. Stat. Ann. § 13:3201. Defendant may be served with process by sending such process via registered or certified mail to Defendant at its home office: **1960 S. Milestone Dr., Suite F, Salt Lake City, Utah 84104.**

## FACTUAL ALLEGATIONS

6.   Complainants show that at all times relevant herein, Cobra was and is engaged in the business of designing, manufacturing, distributing, and selling firearms, including the Cobra Derringer pistol.

7.   Complainants show that in 1982, Davis Industries ("Davis") started manufacturing small, inexpensive pistols called Derringers, marketed for easy concealment and personal protection.

8.   Complainants show that over the years, numerous people were injured by Davis Derringers when the pistols fired unexpectedly after being jarred or dropped. Davis would subsequently face an abundance of lawsuits alleging that the Davis Derringer was defectively designed and marketed.

9.   Complainants show that Davis Industries consequently filed bankruptcy in 1999 and closed its doors in 2001.

10.   Complainants show that same year, in 2001, Cobra Enterprises of Utah, Inc. was formed.

2

Cobra purchased from Davis the rights to manufacture and sell the Davis Derringer model pistol. Cobra also purchased from Davis the same equipment Davis used to manufacture the Davis Derringer pistols. Cobra then started manufacturing, marketing, and selling the Cobra Derringer which is nearly identical to the Davis Derringer. The only differences between the Cobra Derringer and Davis Derringer are cosmetic in nature.

11. Complainants show that despite the liability claims that ultimately led to Davis' demise, no additional safety features were added to the design of the Davis Derringer when Cobra began to manufacture it.

12. Complainants show that Cobra Derringers are designed with no trigger guard, leaving the trigger completely exposed.

13. Complainants show that when the Cobra Derringer's hammer is in the neutral or "uncocked" position, the hammer rests on the firing pin, which in turn rests on the cartridge primer. This direct contact between the hammer, firing pin, and primer allows any jarring or external pressure on the hammer to be placed directly on the primer. This direct contact allows the Cobra Derringer to unexpectedly discharge when jarred without any purposeful movement of the trigger or hammer.

14. Complainants show that the Cobra Derringer is designed so that the safety can only be engaged by pulling the hammer to the half-cock position. If the Cobra Derringer is dropped while in the half-cock position, the half-cock notch can shear off causing the pistol to fire unexpectedly. If the Cobra Derringer's hammer slips away from the user's thumb during cocking, the firearm can discharge unexpectedly.

15. Complainants show that the Cobra Derringer is also designed such that it can be placed in

a "perched," or false-cock position. This is where the hammer sear surface is not fully engaged on the trigger sear surface. The Cobra Derringer can unexpectedly discharge from the "perched" position with little or no jarring at all.

16. Complainants show that Cobra is aware of the potential safety hazards posed by its Derringer, but deliberately chooses to manufacture the pistols anyway.

17. Complainants show that on June 16, 2016, Angie Parish was carrying a Cobra Derringer in her purse for personal protection exactly as the pistol is designed and marketed. Mrs. Parish dropped her purse on the ground and the Cobra Derringer unexpectedly discharged, sending a bullet through Mrs. Parish's lower leg. Mrs. Parish suffered severe and disabling injuries to her lower leg which required immediate and ongoing medical treatment, including multiple surgeries.

18. Mr. and Mrs. Parish own and operate a pharmacy in Jonesville, Louisiana in which Mrs. Parish is the sole pharmacist. Mrs. Parish's injuries caused her to miss months of work during which time she suffered lost wages and the pharmacy suffered economic loss because it was forced to hire a replacement pharmacist. Mrs. Parish's severe and disabling injuries have resulted in multiple surgeries, weeks in the hospital, and several months of physical therapy during which time Mrs. Parish has been unable to walk without assistance. The incident in question has financially strained and severely disrupted Plaintiffs' lives, their livelihood, and their relationship which gives rise to Mr. Parish's damages for loss of consortium and household services.

19. Complainants show that the pistol at issue was unreasonably dangerous due to design defects when the pistol left Cobra's control because they failed to carefully design the pistol so as not to fire when dropped or jarred.

## CLAIMS FOR RELIEF

### Count I: Louisiana Products Liability Act – Design Defect

20. Complainants re-allege the allegations set forth in each of the foregoing paragraphs as if fully set forth herein.

21. This suit is brought under the La. Rev. Stat. § 9:2800.51, et. seq.

22. Cobra manufactured, marketed, and sold the Cobra Derringer pistol in question.

23. The Derringer pistol in question was defectively designed such that it could fire without a trigger pull when dropped or jarred. This design defect made the product unreasonably dangerous to users such as Mrs. Parish. The pistol's unreasonably dangerous design flaws existed when it left Cobra's control.

24. Cobra failed to implement alternative design features that keep the hammer out of contact with the firing pin until the cocked hammer is released to fall directly on the firing pin by a deliberate trigger pull (e.g. rebounding hammer or retracting firing pin). Said design features are well known, economically feasible, and will prevent discharge upon dropping or jarring the pistol.

25. Thus, there existed an alternative design for the Cobra Derringer that was capable of preventing Mrs. Parish's injuries, and the likelihood that the pistol's design would cause someone damage and the gravity of that damage outweighed the burden on Cobra of adopting such alternative designs and the adverse effect, if any, of such alternative designs on the utility of the pistol.

26. Angie Parish was injured while carrying the Cobra Derringer pistol consistent with the purposes for which it was intended. Mrs. Parish's injuries arose from a reasonably anticipated

use of the firearm and were proximately caused by the unreasonably dangerous design of the Cobra Derringer.

### Count II: Louisiana Products Liability Act – Inadequate Warning

27. Complainants re-allege the allegations set forth in each of the foregoing paragraphs as if fully set forth herein.

28. Cobra manufactured, marketed, and sold the Cobra Derringer pistol in question. At the time the pistol left Cobra's control, it possessed a design flaw that was likely to cause damage and Cobra failed to use reasonable care to provide an adequate warning of such design flaw and its danger to users and handlers of the pistol. Specifically, the Derringer pistol in question was designed such that it could fire without a trigger pull when dropped or jarred. This design feature made the product unreasonably dangerous to users and Cobra failed to adequately warn Complainants that such design feature existed or that such unintended discharge was possible.

29. Alternatively, Cobra learned or reasonably should have learned of the pistol's design flaw after it left Cobra's control, and Cobra learned or reasonably should have learned that said design flaw had the potential to cause damage. As such, Cobra is liable for the damages caused by Cobra's subsequent failure to use reasonable care to provide an adequate warning of such design flaw and its danger to users and handlers of the product.

30. Mrs. Parish's injuries arose from a reasonably anticipated use of the firearm and were proximately caused by Cobra's failure to adequately warn of the unreasonably dangerous design of the Cobra Derringer.

### Count III: Negligence

31. Complainants hereby incorporate by reference all above allegations as if fully set forth

herein.

32. Cobra was negligent in the design and marketing of the Cobra Derringer pistol conveyed to Mr. Parish. Cobra knew, or in the exercise of ordinary care, should have known, that the Cobra Derringer pistol was defective and unreasonably dangerous to those persons likely to use, or to be near those persons likely to use, the product for the purpose and in the manner it was intended to be used, and for foreseeable misuses of the pistol. Cobra's negligence was a proximate cause of the occurrence in question and of Complainants' damages.

33. Each of the above-mentioned negligent acts or omissions was a proximate cause of the injuries and damages to Complainants.

## ACTUAL DAMAGES

34. Mrs. Parish's damages include, but are not limited to, severe personal injury and permanent disfigurement of her leg, past and future pain and suffering, past and future emotional distress, past and future mental anguish, past and future physical impairment, past and future medical expenses, past and future lost earnings, future loss of earning capacity, and past and future economic loss to Complainants' pharmacy.

35. Mr. Parish's damages include, but are not limited to, past and future loss of consortium, past and future loss of household services, and past and future economic loss to Complainants' pharmacy.

## DEMAND FOR A JURY TRIAL

Complainants hereby demand a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, Complainants, ANGELA PARISH and JAMES PARISH respectfully

request that the Court: (a) enter judgment in favor of Complainants and against Defendant; (b) award Complainants the general and special damages set forth above; (c) award Complainants' costs of suit, reasonable attorneys' fees, and interest; and (d) enter such other and further relief that is just and proper.

                                  Respectfully submitted,

                                  PHILLIP M. LESTER
                                  ATTORNEY AT LAW
                                  320 S. Franklin Street
                                  Bastrop, Louisiana 71220
                                  Telephone: (318) 283-3242
                                  Facsimile: (888) 764-4007
                                  E-Mail: lesterpm@bellsouth.net
                                  COUNSEL FOR COMPLAINTANTS

                                  BY: __/s/ Phillip M. Lester__
                                  Phillip M. Lester
                                  Bar No. 21715

## Certificate of Service

I hereby certify that on June 8, 2017, a copy of the foregoing Original Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed, by United States Postal Service, this Original Complaint to the defendants added by this Original Complaint.

                                  PHILLIP M. LESTER,
                                  ATTORNEY AT LAW
                                  320 S. Franklin Street
                                  Bastrop, Louisiana 71220
                                  Telephone: (318) 283-3242
                                  Facsimile: (888) 764-4007
                                  E-Mail: lesterpm@bellsouth.net
                                  COUNSEL FOR COMPLAINANTS

                                  BY: __/s/ Phillip M. Lester__
                                  Phillip M. Lester
                                  Bar No. 21715